IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                                     CIVIL NO. 02-650 JP/LFG
                                            CRIM. NO. 98-659 JP

LARRY E. GREGORY,

        Defendant-Movant.


**MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION**[1]

**Findings**

1.  This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to

28 U.S.C. § 2255.  Movant Larry E. Gregory ("Gregory") attacks the conviction and sentence

entered by the United States District Court for the District of New Mexico in United States v.

Gregory, No. CR 98-659 JP.  The government filed its response to the motion on July 12, 2002

[Doc.7], asking the Court to deny the motion with prejudice and dismiss the case.  By order dated

August 13, 2002, the Court granted Gregory's request for a copy of the transcript of his plea hearing

and granted him a thirty-day extension of time to file a reply.  This time has expired, and Gregory has

not replied.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

2.  In his petition, Gregory raises three grounds for habeas relief:  (1) the drug quantity for which he was convicted under 21 U.S.C. § 841 was not charged in the indictment, was not included in the plea agreement, and was not proved by the government beyond a reasonable doubt, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); (2) his guilty plea was not entered knowingly; and (3) the police officers' tactics in boarding public transportation to question passengers violated his Fourth Amendment rights.  The Court rejects each of these grounds and recommends that the petition be dismissed.

## Factual and Procedural History

3.  Gregory was arrested at the Amtrak train station in Albuquerque, New Mexico on September 5, 1998 following a police search of his luggage, which netted between 1.4 and 1.65 kilograms of cocaine as well as a quantity of marijuana.  On September 17, 1998, he was indicted for possession with intent to distribute "more than 500 grams of cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  [Doc. 8 in CR 98-659].

4.  In a pretrial motion filed November 17, 1998 [Doc. 25 in CR 98-659], Gregory moved to suppress evidence, including the cocaine seized in the search of his luggage.  Gregory argued in the motion that the seizure was unconstitutional in that, under the circumstances, he did not feel he could ignore the police questioning and was never informed that he did not have to consent to the search of his luggage.  He contended that he was illegally detained in that the police had no reasonable suspicion of criminal activity and the search was conducted without probable cause.    5.  After two days of evidentiary hearings, Judge Parker denied the motion to suppress, finding that Gregory voluntarily, intelligently, and knowingly consented to the search of his bags. [Doc. 68 in CR 98-659]. Gregory appealed his conviction.  In its order dismissing the appeal,  the Tenth Circuit noted that

Gregory's attorney had filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967) and requested permission to withdraw, and that in response Gregory filed a brief challenging the denial of his motion to suppress. The challenge was rejected by the Tenth Circuit on grounds that Gregory's unconditional guilty plea waived all non-jurisdictional defenses, including Fourth Amendment violations. In his appeal, Gregory did not challenge the validity of his guilty plea. [Doc. 99 in CR 98-659].

6. Following denial of his motion to suppress, Gregory entered into a plea agreement with the government [Doc. 81]. In this agreement, he pled "guilty to a one-count indictment charging violation of 21 U.S.C. § 841(a)(1), that being possession with intent to distribute cocaine." No particular amount of cocaine is stated in the plea agreement but the indictment to which he pled guilty accused Gregory of possession with intent to distribute "more than 500 grams of cocaine."

7. The Court conducted a plea hearing on January 14, 2000, at which Gregory, through his attorney, admitted to possession of 1.635 kilograms of cocaine and admitted to an intent to distribute. Gregory was advised of the maximum sentence possible under the statute to which he pled, and he testified that he was not under the influence of any substances which would impair his ability to understand the proceedings; that he understood the nature of the charges against him, understood that he had a right to plead not guilty and go to trial, and understood the consequences of his plea; he further testified that no one had threatened or coerced him into entering the guilty plea and stated that he had discussed the charges and the plea agreement with his attorney and was satisfied with his attorney's representation, and that he wished to plead guilty. [Transcript of Plea Hearing of January 14, 2000, included as part of the file in CR 98-659].

8.  A sentencing hearing was held on May 31, 2000, and judgment was entered on June 20, 2000.  Gregory received a sentence of 120 months.  [Doc. 91 in CR 98-659].

## Apprendi Issue

9.  Gregory's argument is not entirely clear insofar as it addresses the effect of the Supreme Court's Apprendi decision on his conviction and sentence.  However, he does state at one point in his memorandum that the Apprendi challenge is based on the fact that neither the indictment nor the plea agreement stated a specific quantity of cocaine, and that the government did not prove any specific quantity of cocaine beyond a reasonable doubt.  The Court rejects these arguments.

10.  Apprendi was decided on June 26, 2000, after Gregory's sentencing in the underlying criminal case.  Apprendi does not apply retroactively on collateral review, United States v. Mora, 293 F.3d 1213 (10th Cir. 2002), and it cannot therefore provide any relief to Gregory in this habeas proceeding.  In any event, even if it were to be applied retroactively, it is plain that there was no Apprendi violation in Gregory's case.

11.  As noted above, Gregory was charged in the indictment with possession with intent to distribute "more than 500 grams of cocaine."  Gregory appears to be arguing that this language is insufficiently specific under Apprendi, which holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  120 S. Ct. at 2362-63.  The Tenth Circuit applied Apprendi specifically to 21 U.S.C. § 841 and concluded that, under this statute, the quantity of drugs is a fact that may indeed increase the penalty for a crime beyond the statutory maximum, and the issue of quantity must therefore be submitted to a jury and proved beyond a reasonable doubt.  United States v. Hishaw, 235 F.3d 565, 575 (10th Cir. 2000), *cert. denied*, 533

4

U.S. 908, 121 S. Ct. 2254 (2001).  The  Tenth Circuit further held that the drug quantity must be

"alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable

doubt."  United States v. Jones, 235 F.3d 1231, 1236 (10th Cir. 2000).  However, those authorities

do not aid Gregory under the circumstances of his case.

      12.  Sentencing for possession with intent to distribute cocaine proceeds under federal drug

laws as follows:

> The primary federal statute regarding possession and distribution of
> controlled substances is 21 U.S.C. § 841.  Section 841 is divided into
> two subsections: subsection (a), which makes it illegal to manufacture
> or distribute controlled substances or to possess them with the intent
> to manufacture or distribute, and subsection (b), which establishes
> three tiers of penalties distinguished by the amount of drugs involved
> in an offense.  For cocaine base, dealing in any measurable amount of
> the drug is covered by 21 U.S.C. §  841(b)(1)(C), which carries a
> sentence of "not more than twenty years" in prison and three years'
> supervised release for each violation.  In contrast, amounts in excess
> of five grams are covered by section 841(b)(1)(B)(iii), which
> establishes sentences of five to forty years, and amounts over fifty
> grams appear in section 841(b)(1)(A)(iii), which carries the longest
> sentence of ten years to life in prison.

United States v. Wilson, 244 F.3d 1208, 1216 (10th Cir. 2001), cert. denied, 533 U.S. 962, 121 S.

Ct. 2619 (2001).

      13.  Sentencing for cocaine violations proceeds in the same manner as for cocaine base.

Dealing in any measurable amount of the drug is covered by Section 841(b)(1)(C), under which the

maximum sentence is 20 years.  For possession with intent to distribute higher quantities of cocaine,

Section (b)(1)(B) carries a maximum penalty of 40 years for violations involving 500 grams or more

of cocaine, and Section (b)(1)(A) carries a maximum penalty of life for violations involving 5

kilograms or more.  Gregory admitted possessing with intent to distribute over 1.6 kilograms, or

1,600 grams, of cocaine.   The statutory maximum for this offense is 40 years.   21 U.S.C. §
841(b)(1)(B)(ii)(II).  It is only when drug quantity is used to enhance a sentence beyond the statutory
maximum that it must be charged with specificity in the indictment.  Apprendi, 120 S. Ct. at 2355;
Jones, at 1236.  Gregory's sentence of 10 years was well below the statutory maximum for possession
with intent to distribute cocaine in the amounts involved in this case; there was, therefore, no
Apprendi violation.

    14.  Even if the indictment were seen as insufficiently specific in that it charges "more than
500 grams," rather than charging an exact amount (an argument rejected by the Tenth Circuit in
United States v. Kirtman, 33 Fed. Appx. 401, 2002 WL 189054 (10th Cir. 2002)), and even if
Gregory had not prior convictions (which in fact he had), Gregory's sentence would be invalid under
Apprendi only if it exceeded 20 years, the statutory maximum sentence for possession with  intent
to distribute an unspecified quantity of cocaine by a person with no prior convictions.  Jones, at 1236
("A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. §
841(b)(1)(C) unless the benchmark quantity of [the drug] for an enhanced penalty is alleged in the
indictment in addition to being submitted to the jury and proven beyond a reasonable doubt");
Hishaw, at 576 ("failure to allege the specific drug amount in the indictment is not fatal . . . but
instead merely limits punishment to the lowest statutory range provided by the statute"), that is, no
more than 20 years under § 841(b)(1)(C).

    15.  Gregory does not dispute that he possessed cocaine with intent to distribute.  Any failure
by the government to state a specific drug quantity in the indictment, and the absence of any mention
in the plea agreement of specific amounts, as well as the failure to prove the quantity beyond a
reasonable doubt, did not implicate Apprendi, because Gregory's sentence did not exceed the

statutory maximum even for the offense of possession with intent to distribute an unspecified amount of cocaine.  Thus, even if <u>Apprendi</u> did apply retroactively, it would not aid Gregory in this habeas petition.

### Validity of the Guilty Plea

16.  Gregory's contentions with respect to validity of his guilty plea are not a model of clarity, but he appears to argue, citing <u>Apprendi</u> as authority, that the plea was not entered "knowingly" because the exact quantity of the drug was not discussed in the plea colloquy, and the judge did not have the opportunity to satisfy himself that there was a factual basis for the plea, nor did the prosecutor prove the exact quantity beyond a reasonable doubt.

17.  As discussed above, <u>Apprendi</u> is not applicable in Gregory's case, because it does not apply retroactively in habeas proceedings and because the sentence he received was well below the maximum sentence for possession with intent to distribute any quantity of cocaine.  In addition, the quantity of cocaine found in his possession was a topic of discussion at the plea colloquy, and it is apparent that Judge Parker inquired into, and satisfied himself regarding, the factual basis for the plea.

18.  After the Assistant United States Attorney set forth the evidence he would present at trial, the judge asked Gregory if he agreed that the information stated by the prosecutor was correct. Gregory answered, "No," and the following exchange took place:

THE COURT:  Okay.  Let me ask Mr. Koch [Gregory's attorney], do you agree that at a trial the government could present that evidence?

MR. KOCH: At a trial and also at the suppression hearing, Your Honor, the government did present that evidence and they would present it at trial, although we have some disputes with respect to the sequence of some of the events.

THE COURT:  Okay.  I do think it's necessary for Mr. Gregory to state a factual basis for his plea of guilty.  So let me say, Mr. Gregory, you have a right to remain silent and say nothing that

would tend to incriminate you.  That is a right you may give up or waive if you want to go ahead with your plea.  Now, only if you want to go forward with your plea, would you tell me in your own words what happened on September 5, 1998 here in Albuquerque, New Mexico that led to this indictment charging you with possessing with intent to distribute cocaine?

[Gregory and his counsel then confer, after which Koch proceeds]

MR. KOCH:  Your Honor, may I just state that I conferred with Mr. Gregory off the record for a moment.  He had some real problems with the suppression issue and he felt that the Court's ruling that the evidence should not be suppressed was wrong.  He doesn't have a dispute over the fact that he had the cocaine with the intent to distribute.  So that's what he was really inquiring with me about.  Not over that he had the cocaine and it was illegal and was intended to be distributed, but how did the agents get to it.  He still has a real problem with that.

THE COURT:  I understand that.

MR. KOCH:  But anyway, Mr. Gregory, tell the judge.

MR. GREGORY:  I was traveling on the train going to Virginia with some cocaine and some marijuana.

THE COURT:  Okay,  You brought it with you onto the train from California?

MR. GREGORY: Yes.

THE COURT:  Okay.

MR. WILLIAMS:  Would you ask him if he was going to give it to somebody else?  Was he going to transfer it?  I didn't hear that part of it, I'm sorry.  He may have said it but I –

(Off the record.)

THE COURT:  Mr. Williams, state again the quantity of cocaine.

MR. WILLIAMS:  I think it was a kilo and a half.

MR. KOCH:  It's 1.635 kilos, Your Honor.

THE COURT:  Okay.  Well, the question to Mr. Gregory is whether he intended to consume all of that himself or whether he intended to pass it on to someone else.

[Court and counsel discuss the amount of cocaine and whether this amount would typically be for personal use only].

8

MR. KOCH:  Your Honor, let me explain what the confusion with Mr. Gregory – I don't want to call it confusion.  Part of the controlled substance was going to be used for his personal use.

THE COURT:  Yes.

MR. KOCH:  Part, part was certainly going to be distributed, whether transferred or –

THE COURT:  Or given away?

MR. KOCH:  Given away, yes.

THE COURT:  Is that correct, Mr. Gregory?

MR. GREGORY:  Yeah.

[Transcript of Plea Hearing, January 14, 2000, at 12-16].

19.  The Court finds that Gregory was well aware of the nature of the charges against him including the amount of cocaine he was alleged to have possessed, that the trial judge satisfied himself as the factual basis of the plea, and that Gregory was informed of the consequences of his plea including the maximum penalty under the drug statutes.

20.  In addition, Gregory acknowledged under oath, in open court, that he had read the indictment and discussed it with his attorney, that he signed the plea agreement after his attorney read it to him, that he understood all of the provisions in the plea agreement, that no one made any promises to him that were different from the promises set forth in the plea agreement, that no one had threatened or forced him to plead guilty, that he understood he had the right to plead not guilty and proceed to trial, and that by pleading guilty he would be giving up this right.  [Transcript of Plea Hearing, January 14, 2000, at 4-11].

21.  A guilty plea must be shown to be intelligent and voluntary before the court will accept it.  Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969).  Fed. R. Crim. P. 11(c)(1) provides

that, prior to accepting a guilty plea, the court must inform the defendant of "the nature of the charge

to which the plea is offered," and Rule 11(f) requires that the judge "should not enter a judgment

upon such plea [of guilty] without making such inquiry as shall satisfy it that there is a factual basis

for the plea."  The district court is to "consider the stipulation, the results of the presentence report

and any other pertinent information in determining a factual basis for the sentence."  United States

v. Soria, 172 F.3d 879 (Table, text in Westlaw), No. 98-6265, 1999 WL 111167, at *2 (10th Cir.

Mar. 4, 1999).

22.  It is clear from a review of the record, as set forth above, that the trial judge did all that

was required of him under Rule 11, and under federal constitutional law, to inform Gregory of the

charge against him and to satisfy himself that there was a factual basis for the plea.  Gregory was

aware of the amount of cocaine he was accused of possessing, and even if he had not been, Apprendi

is not implicated as he received a sentence well below the statutory maximum for possessing with

intent to distribute any amount of cocaine.  Gregory does not argue, and the record does not reveal,

any other ground for holding that his plea was unknowingly made or otherwise involuntary in any

way, and Gregory received a substantial sentencing benefit by pleading guilty.  Habeas relief is not

justified on this ground.

## Fourth Amendment Violation

23.  Gregory's third ground for habeas relief is based on a Fourth Amendment violation

allegedly occurring at the time of his arrest.  Such a claim is not cognizable in this proceeding.

24.  The Fourth Amendment issue was raised below in a pretrial motion to suppress evidence

[Doc. 25 in CR 98-659], and was the subject of a two part evidentiary hearing held on July 19 and

September 10, 1999.  Judge Parker ruled against Gregory on this issue, holding that the search which

netted the cocaine was consensual and within constitutional bounds.  [Doc. 68].  Gregory appealed

this ruling, and the Tenth Circuit dismissed the appeal on grounds that, by pleading guilty, Gregory

waived all non-jurisdictional defenses including Fourth Amendment claims.

25.   The law is well settled that a defendant who voluntarily pleads guilty waives all non-

jurisdictional defenses, and "[h]aving pleaded guilty, a defendant's only avenue for challenging his

conviction is to claim that he did not voluntarily or intelligently enter his plea."  United States v.

Wright, 43 F.3d 491, 494 (10th Cir. 1994).

> [A] guilty plea represents a break in the chain of events which has
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense
> with which he is charged, he may not thereafter raise independent
> claims relating to the deprivation of constitutional rights that occurred
> prior to the entry of the guilty plea.

United States v. Davis, 900 F.2d 1524, 1526 (10th Cir. 1990), *quoting* Tollett v. Henderson, 411

U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973).

26.   It was apparent at the plea hearing that Gregory did not agree with the trial court's ruling

on his motion to suppress and was apparently surprised and quite unhappy when he lost this motion.

[Transcript of Plea Hearing, January 14, 2000, at  12-14, 20-21].  Nevertheless, he proceeded with

the guilty plea and accepted the benefits of doing so.  Because Gregory entered the plea voluntarily

and intelligently, the Court finds that he thereby waived his right to raise the Fourth Amendment claim

in these habeas proceedings.

## **Recommended Disposition**

That Gregory's motion be denied and the case be dismissed with prejudice.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge